# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**TALMADGE VERNON LANGSTON**　　　　　　　　　　　　　　　　　　**PLAINTIFF**

**V.**　　　　　　　　　　　　　　　**CIVIL ACTION NO. 2:12cv163-KS-MTP**

**3M COMPANY, ET AL.**　　　　　　　　　　　　　　　　　　　　**DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Defendant Pauli & Griffin Company, Inc.'s ("PGCI") Motion for Summary Judgment Based on Lack of Product Identification [82]. For the reasons stated below, the Court finds that the motion should be granted in part and denied in part.

## I.  BACKGROUND

On May 14, 2012, Plaintiff Talmadge Vernon Langston filed suit against PGCI and numerous other Defendants in the Circuit Court of Forrest County, Mississippi, alleging that he sustained injury to his lungs and related conditions as a result of being exposed to crystalline silica while working as a sandblaster from 1971 to 1983. (*See* Compl. [1-3].)  Plaintiff contends that each Defendant either manufactured, marketed, distributed and sold silica sand; defective personal respiratory equipment; or defective sandblasting equipment.  The Complaint asserts the following causes of action in support of recovery against all of the Defendants:  strict liability and product defects; negligence; breach of warranties (express and implied); civil conspiracy; acting in concert; and gross negligence.

On August 20, 2012, an Agreed Judgment of Dismissal Without Prejudice [1-2] was entered in the state court with respect to Plaintiff's claims against Dependable

Abrasives, Inc. ("Dependable").  On September 18, 2012, the remaining Defendants removed the proceeding to this Court on the basis of diversity of citizenship jurisdiction under Title 28 U.S.C. § 1332.  (*See* Notice of Removal [1].)  The Notice of Removal provides that the dismissal of Dependable, a Mississippi corporation, allowed for removal and gave rise to diversity jurisdiction since the Plaintiff is a citizen of Mississippi and all of the other Defendants are citizens of states other than Mississippi.  The Notice of Removal further posits that § 1332(a)'s amount in controversy requirement is met in light of the punitive damages and actual damages for personal injuries sought by the Plaintiff.

On March 5, 2013, PGCI filed its Motion for Summary Judgment Based on Lack of Product Identification [82].  Plaintiff has not responded to the motion and the time for Plaintiff's response has expired.

## II.  DISCUSSION

### A. Standard of Review

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation and internal quotation marks omitted).  The nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Id.*  The Court is not permitted to make credibility determinations or weigh the evidence.  *Deville v.*

*Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)). When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (citation omitted). However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citing *Sec. & Exch. Comm'n v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

As noted above, Plaintiff has failed to respond to PGCI's request for summary judgment. However, the Court cannot grant summary judgment by default. *See Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985) ("A motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule."); *see also* L.U.Civ.R. 7(b)(3)(E). In the event of a party's failure to respond to a motion for summary judgment, the court may accept as undisputed the facts listed in support of the motion and grant summary judgment if the movant makes a prima facie showing of his right to judgment. *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

**B.    Analysis**

PGCI asserts that Plaintiff cannot recover under any theory of liability without proof that he used or was exposed to any of its products. PGCI relies on an affidavit submitted by the Plaintiff during discovery in support of its contention that he has failed

"to present any evidence he used any product manufactured, marketed, distributed and sold by Pauli & Griffin." (Def.'s Brief in Supp. of Mot. for SJ [83] at p. 4.) Plaintiff's affidavit states that he was exposed to products only associated with the following companies during his work as a sandblaster: Mississippi Valley Silica, Mine Safety Appliances, American Optical Corporation and Pangborn Corporation. (*See* Langston Aff. [82-1] at ¶ 4.) Plaintiff's failure to respond to the summary judgment motion necessitates that the Court accept PGCI's position that there is no evidence of Plaintiff's use of a PGCI product at any time relevant to the Complaint. *See Eversley*, 843 F.2d at 174. Moreover, Plaintiff's sworn affidavit prevails over the allegation in the Complaint that he used defective sandblasting equipment manufactured by PGCI. *See Nettles v. Travelers Prop. Cas. Ins. Co.*, 375 F. Supp. 2d 489, 492 (S.D. Miss. 2005) (providing that the nonmovant "may not rely on mere denial of material facts, or unsworn allegations in the pleadings, or arguments and assertions in briefs or legal memoranda but must, by affidavit or otherwise, set forth specific facts showing that there is a genuine issue for trial").

"[I]t is incumbent upon the plaintiff in any products liability action to show that the defendant's product was the cause of the plaintiff's injuries." *Moore v. Miss. Valley Gas Co.*, 863 So. 2d 43, 46 (¶ 13) (Miss. 2003).[1] This showing is required whether the defect claim is premised upon the defendant's negligence or a breach of warranty. *See Coca-Cola Bottling Co. v. Everett*, 234 Miss. 882, 884, 108 So. 2d 545 (Miss. 1959). Thus, the absence of any evidence linking Plaintiff's injury to a PGCI product dictates

---

[1] The substantive law of Mississippi applies in this diversity case. *See Lloyd v. John Deere Co.*, 922 F.2d 1192, 1194 (5th Cir. 1991).

that summary judgment be granted in favor of PGCI on Plaintiff's strict liability and product defects, negligence, gross negligence and breach of warranty theories of recovery.  *Cf. Lashley v. Pfizer, Inc.*, 877 F. Supp. 2d 466, 473-75 (S.D. Miss. 2012) (finding defendants entitled to summary judgment on plaintiff's claims for failure to warn, strict liability, negligence, misrepresentation and breach of implied warranties since there was no proof that the plaintiff used one of their products); *Albritton v. Coleman Co.*, 813 F. Supp. 450, 454, 456 (S.D. Miss. 1992) (granting summary judgment in products liability action including allegations of negligence, strict liability and breach of express and implied warranties where plaintiffs failed to prove or establish that the defendants manufactured the subject furnace); *Brown v. Stone Mfg. Co.*, 660 F. Supp. 454, 455, 456 (S.D. Miss. 1986) (holding that the absence of sufficient evidence to create a jury issue on the threshold question of whether the defendant manufactured the purportedly defective product resulted in summary judgment for the defendant on plaintiff's theories of negligence, strict liability and breach of warranties).

Summary judgment in favor of PGCI is also appropriate on Plaintiff's claims of civil conspiracy and acting in concert.[2]  The Fifth Circuit and the Jackson Division of this

---

[2] Plaintiff's "acting in concert" claim is based on the allegation that Defendants "aided and abetted each other in" their tortious conduct, giving rise to liability pursuant to section 876 of the Restatement (Second) of Torts.  (Compl. [1-3] at p. 22.)  That section states in pertinent part that one is liable for the tortious acts of another if he "knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself . . . ."  Restatement (Second) of Torts § 876(b) (1979) (hereinafter "Restatement").  It does not appear that the Mississippi Supreme Court has recognized this Restatement section as a basis for liability.  Nonetheless, the Court will assume, without deciding, that Plaintiff's acting in concert/aiding and betting claim is cognizable under Mississippi law.

Court have recognized that "a civil conspiracy claim cannot stand alone, but must be based on an underlying tort." *Aiken v. Rimkus Consulting Group, Inc.*, 333 Fed. Appx. 806, 812 (5th Cir. 2009) (citing *Wells v. Shelter Gen. Ins. Co.*, 217 F. Supp. 2d 744, 755 (S.D. Miss. 2002)). Judge Aycock in the Northern District of Mississippi has dismissed plaintiffs' claims of aiding and abetting under section 876(b) of the Restatement and civil conspiracy due to their failure to allege adequately a foundational tort. *See Fikes v. Wal-Mart Stores, Inc.*, 813 F. Supp. 2d 815, 822-23 (N.D. Miss. 2011). No evidence creating a jury issue as to the existence of an underlying tort has been presented to the Court in opposition to summary judgment. Consequently, the preceding opinions counsel in favor of the dismissal of Plaintiff's unsupported liability claims based on PGCI and one or more Defendants acting in concert or conspiring to commit an unlawful act.

### III.  CONCLUSION

For the foregoing reasons, PGCI's request for summary judgment will be granted. PGCI's additional request for the entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b) will be denied without prejudice. Rule 54(b) judgments should not be entered routinely and PGCI's scant briefing on the issue precludes the Court from determining whether it should exercise its discretion to enter final judgment. *See Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 332 (5th Cir. 2002). The Court may reconsider this decision upon PGCI supplying argument and reasoning in support of the entry of final judgment.

IT IS THEREFORE ORDERED AND ADJUDGED that PGCI's Motion for Summary Judgment Based on Lack of Product Identification [82] is granted in part and denied in part. Plaintiff's claims against PGCI are dismissed with prejudice. PGCI's

request for the entry of final judgment is denied without prejudice.

SO ORDERED AND ADJUDGED this the 28th day of May, 2013.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE