IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

TALMADGE VERNON LANGSTON                                         PLAINTIFF

VS.                                          CIVIL ACTION NO. 2:12-CV-163-KS-MTP

3M COMPANY, *et al*.                                            DEFENDANTS

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS RESPONSE TO
MSA'S MOTION FOR SUMMARY JUDGMENT AS TO CERTAIN CLAIMS**

COMES NOW the Plaintiff, by and through the undersigned counsel, and files this *Memorandum in Support of his Response to MSA's Motion for Summary Judgment as to Certain Claims* and would show unto the Court the following in support thereof:

**I.    SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the nonmoving party is entitled to judgment as a matter of law." Fed R. Civ. P. 56(c). The party seeking summary judgment carries the burden of demonstrating that there is no evidence to support the nonmovant's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). In ruling on a Motion for Summary Judgment, the court is not to make credibility determinations, weigh evidence, or draw legitimate inferences from the facts for the movant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). Rather, all evidence and the reasonable inferences to be drawn therefrom must be viewed in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

Specifically with regard to latent injury and statute of limitations, the Mississippi Supreme Court has held discovery of an injury "is an issue of fact to be decided by a jury when

there is a genuine dispute." *Weathers v. Metropolitan Life Ins. Co.,* 14 So.3d 688, 692 (Miss. 2009).  *See also Owens-Illinois, Inc. v. Edwards*, 573 So.2d 704 (Miss. 1990); *Schiro v. American Tobacco Company*, 611 So.2d 962 (Miss. 1992); and *Cannon v. Mid-South X-Ray Company*, 738 So.2d 274 (Miss. Ct. App. 1999) (all holding statute of limitations is a jury issue).

## II. ARGUMENT AND AUTHORITIES

### A. THE PLAINTIFF IS NOT PURSUING BREACH OF WARRANTIES, CIVIL CONSPIRACY, OR ACTING IN CONCERT CLAIMS AGAINST MSA.

The Plaintiff stipulates that he is not pursuing Breach of Warranties, Civil Conspiracy, or Acting in Concert claims against MSA at trial.

### B. THE PLAINTIFF CAN MAINTAIN A CLAIM FOR NEGLIGENCE.

A claim of negligence against a manufacturer focuses on the conduct of the manufacturer as opposed to the product itself.  *McLennan v. American Eurocoptor Corp., Inc.,* 245 F.3d 403, 431 (5th Cir. 2001); See also *Childs v. General Motors Corp.,* 73 F.Supp. 2d 669, 673 (N.D. Miss. 1999) (the MPLA does not abrogate Mississippi's common law theory of negligence).  The Plaintiff intends to prove that a reasonably prudent manufacturer would have never marketed and sold the Dustfoe 66 respirator to be used in blasting operations.

The Defendant cites to *Jowers v. BOC Group, Inc.,* 2009 WL 995613 (S.D. April 14, 2009) for the holding that the MPLA abrogated common-law negligence claims of product defect against a manufacturer.  First, the Judge in *Jowers* was not a Southern District Court Judge.  The opinion was issued by Judge Kathleen McDonald O'Malley who is a United States District Court Judge for the Northern District of Ohio.  Her opinion in *Jowers* goes against the great weight of authority in the Southern District of Mississippi.  *McLennan v. American Eurocoptor Corp., Inc.,* 245 F.3d 403, 431 (5th Cir. 2001); See also *McSwain v. Sunrise Med.,*

*Inc.,* 689 F.Supp.2d 835, 845-56 (S.D. Miss. 2010); *Matthew Riley, et al. v. Ford Motor Company,* Civil Action No. 2:09-CV-148 (S.D. Miss. 2011 attached as Exhibit "A"); *Childs v. General Motors Corp.,* 73 F.Supp. 2d 669, 673 (N.D. Miss. 1999)(the MPLA does not abrogate Mississippi's common law theory of negligence).

Your Honor has addressed the MPLA and negligence. "Common-law negligence claims can be brought alongside MPLA claims. *Riley. v. Ford Motor Co.,* 2011 WL 2728142, \*3 (S.D. Miss. 2011) Attached as Exhibit "A". Your Honor specifically held that to the extent *Jowers* holds otherwise, "the Court declined to follow it." *Id.* at FN4. Therefore, this Court should not give consideration to *Jowers* as the great weight of the authority in the Southern District holds that negligence claims can be brought alongside MPLA claims.

The Defendant relies upon *Lawson v. Honeywell Int'l, Inc.* 75 So.3d 1024 (Miss. 2011) to argue that negligence claims are abrogated by the MPLA. The *Lawson* court never specifically held that. In *Lawson,* the Supreme Court was only determining whether a designer of a product fell within the purview of the MPLA, which the Court held it did not. *Lawson,* 75 So.3d at 1028 (¶10). The Court never directly ruled that common law negligence claims are completely abrogated by the MPLA as that was not before the court since Honeywell was neither a manufacturer nor a seller, it was a designer. The Defendant argues that this was implied by the Court's decision, but an implication is not a holding. The Courts that have directly addressed the issue have ruled otherwise. *See Supra.*

The Plaintiff has submitted the expert testimony of Dr. Vernon Rose and Mr. Darell Bevis in regard to the MSA Dustfoe 66. *See* Exhibit "B" Deposition Excerpts of Dr. Rose and Exhibit "C" Deposition Excerpts of Mr. Bevis along with his Report in this case. Dr. Rose's criticisms of the Dustfoe 66 are found on pages 87 to 94. Mr. Bevis' criticisms can be found on

pages 115-134 along with the report of Mr. Bevis attached to the deposition. The Plaintiff has submitted sufficient evidence to survive a motion for summary judgment based on negligence.

WHEREFORE PREMISES CONSIDERED, the Plaintiff respectfully requests this Court to deny *Mine Safety Appliances Company's Motion for Partial Summary Judgment as to Certain Claims* as to negligence and to grant any other relief it deems appropriate.

DATED, this the 26th day of November, 2013.

RESPECTFULLY SUBMITTED

By:  /s John T. Givens_____
John T. Givens, *Attorney for Plaintiff*

Of Counsel:

Timothy W. Porter, MSB No. 9687
Patrick C. Malouf, MSB No. 9702
John T. Givens, MSB No. 101561
PORTER & MALOUF, P.A.
Post Office Box 12768
Jackson, Mississippi  39236-2768
Telephone:   (601) 957-1173
Facsimile:    (601) 957-7366
tim@portermalouf.com
patrick@portermalouf.com
johnny@portermalouf.com


R. Allen Smith, Jr., MSB No. 99984
THE SMITH LAW FIRM, P.L.L.C.
681 Towne Center Boulevard, Suite B
Ridgeland, Mississippi  39157
Telephone:    (601) 952-1422
Facsimile:     (601) 952-1426
allen@smith-law.org

5

**CERTIFICATE OF SERVICE**

I, JOHN T. GIVENS, the undersigned counsel for Plaintiff, do hereby certify that I have this date electronically filed the foregoing instrument with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants.

NONE

DATED, the 26th day of November, 2013.

s/ John T. Givens_____<br>John T. Givens