IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**TALMADGE VERNON LANGSTON**                                                                 **PLAINTIFF**

**VS.**                                                       **CIVIL ACTION NO. 2:12-CV-163-KS-MTP**

**3M COMPANY**, *et al*.                                                                           **DEFENDANTS**

**PLAINTIFF'S COMBINED RESPONSE TO DEFENDANTS' MOTIONS FOR
SUMMARY JUDGMENT BASED ON STATUTE OF LIMITATIONS**

COMES NOW the Plaintiff, by and through the undersigned counsel, and files this *Response to Defendants' Motion for Summary Judgment Based on Statute of Limitations* and would show unto the Court the following in support thereof:

Each of the Defendants in this case has either filed a Motion for Summary Judgment based on the statute of limitations or has joined into the Motion for Summary Judgment. The arguments by each Defendant are essentially the same and will be addressed in this response.

**I.       RESPONSE TO UNDISPUTED FACTS FILED BY PANGBORN[1]**

1.     On May 14, 2012, plaintiff filed his lawsuit alleging "lung disease and silica related conditions, caused by exposure to respirable crystalline silica."

**RESPONSE**: Agreed.

2.     Plaintiff has had lung problems since 1992. Plaintiff's treating physicians have treated him for his lung disease since the early 2000's. Plaintiff was considered disabled in 2003. When asked in his deposition about when he first learned about silicosis, plaintiff said it was approximately three to four years after he filed for disability, i.e., 2007.

**RESPONSE:** Disagree. The claim in this lawsuit is that Plaintiff suffers from silicosis. The fact Plaintiff had lung problems, been treated for lung disease, or learned what silicosis was,

---

[1] Mine Safety Appliances and American Optical filed Motions for Summary Judgment based on the Statute of Limitations. It does not appear that either Defendant listed out undisputed material facts.

has no bearing on whether the Plaintiff was diagnosed with silicosis. The Plaintiff was not diagnosed with silicosis until Dr. Steven Haber diagnosed him on November 7, 2012. *See* Exhibit "A" Report of Dr. Steven Haber. There is a single reading of a chest x-ray on July 20, 2005 that mentions pulmonary fibrotic stranding. Again, this is not a diagnosis of silicosis.

## II.    ARGUMENT

The Defendants are not entitled to summary judgment based on the statute of limitations. The Mississippi Supreme Court has directly addressed these issues in a silicosis case. "The . . . claims accrued upon Watkins's **diagnosis with silicosis** on October 4, 2002. *Kinsey v. Pangborn Corp.*, 78 So.3d 301, 307 (¶18) (Miss. 2011); citing *Clark Sand v. Kelly,* 60 So.3d 149, 161 (Miss. 2011); *Caves,* 991 So.2d at 148; *See also Empire Abrasive v. Morgan,* 87 So.3d 455, 462 (¶25) (Miss. 2012) (holding statute of limitations began to run on date of diagnosis of silicosis, June 2, 2002). Based on *Kinsey, Clark Sand,* and *Empire Abrasive,* this case was timely filed within three years of diagnosis of silicosis.

Plaintiff's knowledge of silicosis has no bearing on the analysis. The Plaintiff has to be diagnosed with silicosis in order to have a claim against these Defendants.

The Mississippi Supreme Court decisions require an actionable injury. Mr. Langston's physicians treated him for COPD and shortness of breath. These diseases in and of themselves are not actionable torts for exposure to silica. Mr. Langston's treating physicians never mentioned silicosis in the medical records. As such, Mr. Langston could not have reasonably known or discovered his lung injury silicosis. Therefore, the Plaintiff would respectfully request this Court to fully and finally deny the Defendants' Motion for Summary Judgment based on the Statute of Limitations.

DATED, this the 26th day of November, 2013.

                                                    RESPECTFULLY SUBMITTED

                                        By:   /s John T. Givens_____
                                              John T. Givens, *Attorney for Plaintiff*

Of Counsel:

Timothy W. Porter, MSB No. 9687
Patrick C. Malouf, MSB No. 9702
John T. Givens, MSB No. 101561
PORTER & MALOUF, P.A.
Post Office Box 12768
Jackson, Mississippi  39236-2768
Telephone:   (601) 957-1173
Facsimile:     (601) 957-7366
tim@portermalouf.com
patrick@portermalouf.com
johnny@portermalouf.com


R. Allen Smith, Jr., MSB No. 99984
THE SMITH LAW FIRM, P.L.L.C.
681 Towne Center Boulevard, Suite B
Ridgeland, Mississippi  39157
Telephone:    (601) 952-1422
Facsimile:     (601) 952-1426
allen@smith-law.org

3

## CERTIFICATE OF SERVICE

I, JOHN T. GIVENS, the undersigned counsel for Plaintiff, do hereby certify that I have this date electronically filed the foregoing instrument with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants.

NONE

DATED, the 26th day of November, 2013.

                                                                        s/ John T. Givens_____
                                                                         John T. Givens