**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**TALMADGE VERNON LANGSTON**                                                          **PLAINTIFF**

**VS.**                                                          **CIVIL ACTION NO. 2:12-CV-163-KS-MTP**

**3M COMPANY,** *et al*.                                                          **DEFENDANTS**

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS**
**FOR SUMMARY JUDGMENT BASED ON STATUTE OF LIMITATIONS**

COMES NOW the Plaintiff, by and through the undersigned counsel, and files this *Memorandum in Opposition to Defendants' Motion for Summary Judgment Based on Statute of Limitations* and would show unto the Court the following in support thereof:

**I.        SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the nonmoving party is entitled to judgment as a matter of law."  Fed R. Civ. P. 56(c).  The party seeking summary judgment carries the burden of demonstrating that there is no evidence to support the nonmovant's case.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).  In ruling on a Motion for Summary Judgment, the court is not to make credibility determinations, weigh evidence, or draw legitimate inferences from the facts for the movant.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986).  Rather, all evidence and the reasonable inferences to be drawn therefrom must be viewed in the light most favorable to the party opposing the motion.  *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

Specifically with regard to latent injury and statute of limitations, the Mississippi Supreme Court has held discovery of an injury "is an issue of fact to be decided by a jury when

there is a genuine dispute." *Weathers v. Metropolitan Life Ins. Co.,* 14 So.3d 688, 692 (Miss.

2009). *See also Owens-Illinois, Inc. v. Edwards*, 573 So.2d 704 (Miss. 1990); *Schiro v.*

*American Tobacco Company*, 611 So.2d 962 (Miss. 1992); and *Cannon v. Mid-South X-Ray*

*Company*, 738 So.2d 274 (Miss. Ct. App. 1999) (all holding statute of limitations is a jury issue).

## II.   ARGUMENTS AND AUTHORITIES

### A.   THE STATUTE OF LIMITATIONS HAS NOT RUN ON PLAINTIFF'S CLAIMS FOR SILICOSIS.

There is no dispute this is a latent disease case. Mississippi Code Annotated Section 15-

1-49, states:

> In actions for which no other period of limitation is prescribed and which involve
> latent injury or disease the cause of action does not accrue until the plaintiff has
> discovered, or by reasonable diligence, should have discovered the injury.

It is not disputed when the Plaintiff was diagnosed with silicosis, which is the alleged injury in

this case. The Plaintiff was diagnosed with chronic simple silicosis on November 7, 2012 by Dr.

Steven Haber. *See* Exhibit "A" Report of Dr. Steven Haber. Not a single medical record or

report cited to by the Defendants state he has silicosis. The word silicosis does not appear in the

medical records. There is only a single x-ray interpretation that mentions pulmonary fibrotic

scarring. *See* Exhibit "B". This is not a diagnosis of silicosis. Further, there is no evidence the

Plaintiff was informed of this finding.

It is also undisputed that the Plaintiff was a heavy smoker. The Plaintiff has been

diagnosed with emphysema which is caused by smoking and can not be caused by exposure to

respirable silica. The Plaintiff has also been diagnosed with chronic obstructive pulmonary

disease (COPD) which is also primarily caused by smoking.

The Defendants open their arguments by citing *Owens-Illinois v. Edwards,* 573 So.2d

704 (Miss. 1990). The *Edwards* Court held "A cause of action accrues only when it comes into

existence as an enforceable claim; that is, when the right to sue becomes vested."  573 So.2d at 706-07; quoting *Estate of Kidd v. Kidd,* 435 So.2d 632, 635 (Miss.1983).  In occupational lung injury cases, the right to sue becomes vested when the Plaintiff is diagnosed with a disease.  Mr. Langston's case would have been dismissed on a Motion for Summary Judgment if a claim had been filed on COPD alone.

Further, the Defendants misstate the holding in that case.  The Defendants cite a quote from another case and state "the statute of limitations begins to run from the time that injuries are sustained."  *Id.* at 708; quoting *Ford Motor Co. v. Broadway,* 374 So.2d 207, 209 (Miss. 1979).  The *Edwards* Court went on to hold "The cause of action accrues and the limitations period begins to run when the plaintiff can reasonably be held to have knowledge of the injury or disease. In the case at bar, that date is August 26, 1986, **the date Charles Edwards was diagnosed with asbestosis."**  *Edwards,* 573 So.2d at 709.  For a statute of limitations analysis, the Mississippi Supreme Court held the only date that matters is when the Plaintiff was diagnosed with an occupational lung disease such as asbestosis.  The Defendants have not submitted to this Court any diagnosis of silicosis that occurred prior to Dr. Haber's diagnosis.

Subsequently, the *Edwards* decision has been affirmed on numerous occasions.  The Defendants fail to address these cases.  The Mississippi Supreme Court has directly addressed these issues in a silicosis case.  "The . . . claims accrued upon Watkins's **diagnosis with silicosis** on October 4, 2002. *Kinsey v. Pangborn Corp.*, 78 So.3d 301, 307 (¶18) (Miss. 2011); citing *Clark Sand v. Kelly,* 60 So.3d 149, 161 (Miss. 2011); *Caves,* 991 So.2d at 148; *See also Empire Abrasive v. Morgan,* 87 So.3d 455, 462 (¶25) (Miss. 2012) (holding statute of limitations began

to run on date of diagnosis of silicosis, June 2, 2002).[1]   Based on *Kinsey, Clark Sand,* and *Empire Abrasive,* this case was timely filed within three years of diagnosis of silicosis.

Another case not addressed by the Defendants is *Phillips 66 Co. v. Lofton,* 94 So.3d 1051 (Miss. 2012).  Similar to this case, Mr. Lofton experienced shortness of breath in 1995 and a chest x-ray revealed pulmonary fibrosis which is scarring of the lungs.  *Lofton,* 94 So.3d at 1057 (¶5).  Mr. Lofton then had a CT scan in 1996 that also revealed pulmonary fibrosis.  *Id.*  Mr. Lofton sought treatment for his pulmonary symptoms in 2003 from a Dr. Stogner who diagnosed Mr. Lofton with pulmonary fibrosis.  Then in 2004 Dr. Stogner noted that Mr. Lofton likely had pneumoconiosis, also known as asbestosis.  *Id.*  Dr. Stogner did not conclusively diagnose Mr. Lofton with asbestosis until 2010 after other etiologies were ruled out.  *Id.*

In *Lofton* as here, the Defendant argued the statute of limitations began running in 1995 when the Plaintiff suffered from shortness of breath and pulmonary fibrosis was noted on a chest x-ray.  *Id.* at 1059 (¶14).  In spite of those facts, the Court ultimately held that "Lofton could not reasonably have known about his injury until he sought treatment in September 2003 for symptoms associated with his asbestosis and was diagnosed with pulmonary fibrosis.  *Id.* at 1059 (¶16).  In this case, there is no indication that Mr. Langston has sought treatment for his symptoms associated with silicosis.  There are no medical records that diagnose silicosis.  There is only a single x-ray interpretation that mentions pulmonary fibrotic scarring.  *See* Exhibit "B".  As such, Mr. Langston could not have reasonably known about his injury of silicosis until November 7, 2012 when Dr. Haber diagnosed him with chronic simple silicosis.

The Defendants also rely on *Angles v. Koppers,* 42 So.3d 1 (Miss. 2010) and *Lincoln Electric Co. v. McLemore,* 54 So.3d 833 (Miss. 2010) to argue that the statute of limitations

---

[1] The Defendants that have filed this very motion were Defendants in the *Kinsey* case and the *Clark Sand* case.  It should be of significant note that the Defendants fail to address the very authority they help create.

4

begins to run when the Plaintiff knew or should have known of the injury.   In *Angles,* the Plaintiff had been diagnosed with the following:

| Illness | Date of Diagnosis |
|---|---|
| Infiltrating ductal carcinoma of the breast | 2001 |
| Ovarian cysts | 1999 |
| DNC [sic] | 1990 |
| Hysterectomy | 1994 |
| Ovaries removed | 2000 |
| Lumpectomy | 2001 |
| Skin rashes | 2000 |
| Headaches | 1984 |

42 So.3d at 3 (¶3).  The Court held that "Angle's cause of action accrued at the latest in 2001, the date she was last **diagnosed** with an injury or disease."  *Id.* at 7 (¶18).  The Defendants again omit key language from *Angles* when citing another portion of the opinion.  The Defendant cites to page 6 of the opinion which discusses the holding in *Schiro v. American Tobacco, Inc.,* 611 So.2d 962 (Miss. 1992).  The full quote is "We note that the proper inquiry under the statute should have been the plaintiff's discovery of the injury or disease, **i.e., a diagnosis of cancer**, not the discovery of a causative relationship between smoking and the cancer."  *Id.* at 6 (¶12).  The Court clearly held that it was a diagnosis of disease, cancer, that would start the statute of limitations.  Again, the diagnosis of silicosis in this case occurred on November 7, 2012.  *See* Exhibit "A".  Therefore, the case was timely filed under Miss. Code Ann. § 15-1-49.

The *Lincoln Electric* case does not bar this action either.  The Plaintiff in *Lincoln Electric* was diagnosed with a disease, Parkinsonism.  *Id.* at 834.  As noted by the Defendants, the Plaintiff was told by his physician that it was related to welding.  "McLemore stated that he first learned that he suffered from manganism in 2005."  *Id.* at P. 835 (¶9).  The supreme court noted however that Mr. McLemore had filed lawsuits claiming neurological injuries from exposure to welding products as early as February 13, 2004.  *Id.*  The complaint that was the subject of the

appeal was not filed until March 3, 2006 and served on the Defendants around March 14, 2006.
*Id.*  Therefore, it was clear the Plaintiff had knowledge of the injury for which he was suing.

The Mississippi Supreme Court considered McLemore's actions in determining whether
the statute of limitations had run. *Id.* at 838 (¶23).  The Court noted that:

> McLemore had difficulty using his left hand in December 2001. By September 3,
> 2002, Dr. Farina had informed McLemore that he had Parkinsonism and that it
> might have been related to his welding work. Thereafter, McLemore sought legal
> advice and filed a complaint alleging "serious neurological injury" related to
> manganese exposure. These events and actions by McLemore show that he knew,
> (or should have known) no later than September 2002, that he had an injury.

*Id.* at (¶24).  In contrast, Mr. Langston has filed only one lawsuit.  The Plaintiff was never
informed that his lung issues were related to exposure to respirable silica by any of his
physicians. Therefore, *Lincoln Electric*'s holding does not bar Mr. Langston's claims.

In *Lincoln Electric Co. v. McLemore,* 54 So.3d 833 (Miss. 2011), the Mississippi
Supreme Court addressed *Angle*.  The Court also addressed several prior decisions.  54 So.3d at
837 (¶19) citing *Owens-Illinois, Inc. v. Edwards,* 573 So.2d 704,709 (Miss. 1990) (holding the
plaintiff's action accrued on August 26, 1986, **the date of his diagnosis of pulmonary
asbestosis** although previously was short of breath); at (¶20) citing *Schiro v. American Tobacco
Co.,* 611 So.2d 962, 965 (Miss. 1992) ("Court held that the statute of limitations began to run on
the day Schiro **discovered that the mass was cancerous**, because, prior to that time, her suit
would have been premature."); at (¶22) citing *PPG Architectural Finishes, Inc. v. Lowery,* 909
So.2d 47, 48 (Miss. 2005) (the Court should consider "whether the plaintiff knew or reasonably
should have known that an injury existed.").  In *Angle,* the Court also addressed *Edwards* where
they held a "cause of action accrues only when it comes into existence as an enforceable claim;
that is when the right to sue becomes vested . . . A cause of action must exist and be complete

before an action can be commenced, and, when a suit is begun before the cause of action accrues, it will generally be dismissed if proper objection is made." 42 So.3d at FN7; quoting *Edwards,* 573 So.2d at 706.

In sum, the holdings of those two cases have not changed the law in Mississippi. Simply put, *Angle* and *Lincoln Electric* only hold that the statute of limitations begins to run on the diagnosis of a disease, not the discovery of the disease and its cause.

The Defendants' arguments are summed up that a Plaintiff does not need to know the causative relationship of his disease for the statute of limitations to begin to run. These arguments are not relevant to this case because Mr. Langston was not diagnosed with the disease of silicosis until November 7, 2012. *See* Exhibit "A". Shortness of breath is not a diagnosis of a disease. Radiographic findings are not a diagnosis of a disease. Simply put, nothing shown to this Court constitutes a diagnosis of any disease that would start the statute of limitations.

Applying the above precedents to this case, it is clear the statute of limitations has yet to run on Plaintiff's claims. In *Edwards,* the Plaintiff had previously complained of shortness of breath, but the statute of limitations did not begin to run until the diagnosis of asbestosis. While Mr. Langston had issues with his lung such as shortness of breath, emphysema, and COPD, he was never diagnosed with silicosis until 2012. Further, a cause of action only accrues when it comes into existence as an enforceable claim. In this case, that is when Mr. Langston was diagnosed with silicosis. Scarring of the lung, difficulty breathing, and the other findings by Plaintiff's physicians cited by the Defendants are not enforceable claims. The Plaintiff needs to have a diagnosis of disease, in this case silicosis.

The Defendants argue that Plaintiff's COPD claims are time barred since he was diagnosed with COPD in 2003. Plaintiff's COPD diagnosis in 2003 was based solely on his

smoking history.  There is no indication the Plaintiff knew or reasonably should have known that a contributing cause to his COPD was exposure to respirable silica.  Not a single treating physician ever noted that the COPD was caused by anything other than smoking.  Therefore, the statute of limitations has not run on Plaintiff's COPD claims either.

### B.       AT A MINIMUM, THIS IS AN ISSUE FOR THE JURY TO DETERMINE.

Specifically with regard to latent injury and statute of limitations, the Mississippi Supreme Court has held discovery of an injury "is an issue of fact to be decided by a jury when there is a genuine dispute."  *Weathers v. Metropolitan Life Ins. Co.,* 14 So.3d 688, 692 (Miss. 2009).  *See also Owens-Illinois, Inc. v. Edwards*, 573 So.2d 704 (Miss. 1990); *Schiro v. American Tobacco Company*, 611 So.2d 962 (Miss. 1992); and *Cannon v. Mid-South X-Ray Company*, 738 So.2d 274 (Miss. Ct. App. 1999) (all holding statute of limitations is a jury issue).

This case is exactly on point with another case where the issue was submitted to the jury. *Phillips 66 Co. v. Lofton,* 94 So.3d 1051 (Miss. 2012).  The *Lofton* case involved the occupational lung disease asbestosis.  Much like the Defendants in this case, the Defendant there argued the statute of limitations had run on Lofton's claim because in 1995 Mr. Lofton had shortness of breath and exhibited scarring of the lungs.  *Lofton,* 94 So.3d at 1059 (¶16).  It was further noted that "Lofton could not reasonably have known about his injury until he sought treatment in September 2003 for symptoms associated with his asbestosis and was **diagnosed with pulmonary fibrosis."** (Emphasis added)  *Id.*  The Supreme Court ultimately affirmed this Court's decision to submit the issue to the jury.

In this case, Mr. Langston's treating physicians never diagnosed silicosis or even pulmonary fibrosis.  It was not possible for Mr. Langston to reasonably have known about his

disease because he was never told he had the disease of silicosis. At a minimum, this Court should follow the ruling in *Lofton* and submit the issue to the jury for determination.

## III.    CONCLUSION

The Mississippi Supreme Court decisions require an actionable injury.  Mr. Langston's physicians treated him for COPD, emphysema, and shortness of breath.  These diseases in and of themselves are not actionable torts for exposure to silica.  Mr. Langston's physicians continually blamed his pulmonary problems on anything but silicosis.  Mr. Langston's treating physicians never mentioned silicosis in the medical records.  As such, Mr. Langston could not have reasonably known or discovered his silicosis lung injury.  Therefore, the Plaintiff would respectfully request this Court to fully and finally deny the Defendants' Motion for Summary Judgment based on the Statute of Limitations.

DATED, this the 26th day of November, 2013.


RESPECTFULLY SUBMITTED


By:   /s John T. Givens_____
John T. Givens, *Attorney for Plaintiff*


Of Counsel:

Timothy W. Porter, MSB No. 9687
Patrick C. Malouf, MSB No. 9702
John T. Givens, MSB No. 101561
PORTER & MALOUF, P.A.
Post Office Box 12768
Jackson, Mississippi  39236-2768
Telephone:   (601) 957-1173
Facsimile:   (601) 957-7366
tim@portermalouf.com
patrick@portermalouf.com
johnny@portermalouf.com

R. Allen Smith, Jr., MSB No. 99984
THE SMITH LAW FIRM, P.L.L.C.
681 Towne Center Boulevard, Suite B
Ridgeland, Mississippi  39157
Telephone:     (601) 952-1422
Facsimile:     (601) 952-1426
allen@smith-law.org

## CERTIFICATE OF SERVICE

I, JOHN T. GIVENS, the undersigned counsel for Plaintiff, do hereby certify that I have this date electronically filed the foregoing instrument with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants.

NONE

DATED, the 26th day of November, 2013.

s/ John T. Givens
John T. Givens